**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES ex rel. GEORGE FERNANDEZ (#B70201), )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>GUY PIERCE, Warden, Pontiac Correctional Center,[1] )<br>)<br>Respondent. ) | Case No. 07 C 2843 |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is Petitioner George Fernandez's motion for reconsideration of the emergency judge's denial of his Emergency Motion to Request Immediate Medical and Psychiatric Care. For the following reasons, the Court denies Fernandez's motion for reconsideration. Furthermore, the parties must file an agreed upon proposed course of action for this habeas proceeding by no later than December 20, 2010.

## BACKGROUND

In 2001, after a jury trial in the Circuit Court of Cook County, a jury convicted Fernandez of aggravated vehicular hijacking and the Circuit Court sentenced him to an eighteen year term of imprisonment. In May 2007, Fernandez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). On December 8, 2009, the Court appointed Fernandez counsel. In

---

[1] According to the Illinois Department of Corrections website, www.idoc.state.il.us, Fernandez is currently in custody at the Pontiac Correction Center at which Guy Pierce is the Warden. The Court therefore substitutes Pierce as the proper Respondent pursuant to Rule 2(a) of the Rules Governing Habeas Corpus Cases under 28 U.S.C. § 2254.

February 2010, Fernandez's appointed counsel filed a motion for a fitness examination for the purposes of determining whether Fernandez is mentally fit to assist and direct counsel in the present habeas matter.

On February 11, 2010, Respondent filed its response to Fernandez's motion for a fitness examination. In its response, Respondent did "not object to petitioner's request that he be evaluated regarding whether he is competent to assist his attorneys in pursuing the instant habeas petition." (R. 77, Resp., at 2.) Respondent further stated that:

> if petitioner is found unfit, then the question of whether he must be fit to assist counsel in a noncapital habeas proceeding would be ripe and could be litigated at that point. To the extent petitioner might, in the future, seek to have a guardian appointed, or to change the conditions of his confinement, such proceedings should first be resolved in state court. *See, e.g.,* 405 ILCS 15/1, *et seq.* (procedures to be followed and standards required regarding placing Illinois prisoners in Department of Human Services facilities for mental treatment).

(*Id*. at 2-3.)

Also on February 11, 2010, Fernandez's counsel filed a reply to the motion for a fitness examination asking the Court to enter an order granting the motion. The Court then entered the following unopposed order on February 12, 2010:

> The State of Illinois shall promptly make available to Petitioner's counsel for copying (at the expense of Petitioner's counsel) all medical and related records respecting George Fernandez, #B70201, in the possession of the State of Illinois Department of Corrections, which Petitioner's counsel shall in turn make available to each psychiatrist who will examine George Fernandez;
>
> Petitioner's counsel shall promptly make available to the State of Illinois for copying (at the expense of the State of Illinois) all medical and related records respecting George Fernandez that are currently in the possession of George Fernandez and/or his mother, Valerie Beesley, including any records that are obtained from third parties;
>
> All medical and related records in the possession of the State of Illinois and Petitioner's counsel shall be made available to the qualified forensic psychiatrist

> hired by Petitioner's counsel to examine George Fernandez, as well as to any qualified forensic psychiatrist that the State of Illinois may engage to examine George Fernandez;
>
> Each forensic psychiatrist who examines George Fernandez shall prepare a brief report summarizing the psychiatrist's examination, diagnosis, and conclusions regarding George Fernandez's current mental competence to assist in and direct his attorneys in the present habeas proceeding brought under 28 U.S.C. § 2254(d), and if George Fernandez is found to be incompetent, providing recommendations as to whether his competency is likely to be restored with appropriate treatment and medication within a reasonable period of time, and providing any appropriate recommendations as to what treatment and medication should be provided to George Fernandez to stabilize his condition and restore his mental competency; and
>
> The parties shall promptly file with the Court any report prepared in accordance with the preceding paragraph, and in light of such report or reports, recommend to the Court a proposed course of action in this proceeding.

(R. 79, 2/12/2010, Minute Order.)

On March 19, 2010, Fernandez filed a motion for an extension of time to amend his petition for a writ of habeas corpus that the Court granted on March 22, 2010. In his motion for an extension of time, Fernandez explained that two experts, Dr. Keenan Ferrell, a licensed clinical psychologist, and Mr. William Woods, a psychological examiner, were engaged to perform the fitness examination pursuant to the Court's February 12, 2010, Minute Order.

During the week of July 26, 2010, Fernandez's counsel received a letter from Fernandez suggesting that he was currently in danger to himself due to his mental condition. Counsel then arranged a teleconference in which Dr. Ferrell participated and during which Fernandez came across as extremely agitated and anxious describing acts of self-mutilation that he had performed on himself. Following the call, counsel conferred with Dr. Ferrell, who concluded that Fernandez posed an imminent danger to his own health and safety. Counsel then contacted Respondent to ascertain whether Respondent would object to having an outside psychiatrist

3

prescribe anti-anxiety medication for Fernandez. Respondent rejected appointed counsel's request. Shortly thereafter, on August 5, 2010, Fernandez's counsel filed an Emergency Motion to Request Immediate Medical and Psychiatric Care. On August 6, 2010, the emergency judge denied Fernandez's motion because the court concluded that it lacked authority to order the requested relief. Fernandez then filed the instant motion for reconsideration on August 18, 2010.

Thereafter, on November 13, 2010, William Woods examined Fernandez at Pontiac Correctional Center and conferred with Dr. Ferrell regarding his examination. As a result of this examination, Dr. Ferrell and Mr. Woods remain of the opinion that: (1) due to Fernandez's admitted refusal to take psychotropic medication, his mental condition is such that he is not currently able to assist and direct his appointed counsel with respect to this habeas action; (2) Fernandez presently lacks the cognitive ability to fully understand the gravity and complexity of his current situation; and (3) if Fernandez were taking prescribed psychotropic medication for an appropriate period of time he would likely regain the mental competency needed to assist and direct his appointed counsel in connection with this case. (R. 108, Ex. 1, Ferrell Aff. ¶ 3 & Report.)

## ANALYSIS

In the present motion, appointed counsel seeks the following relief for Fernandez: (1) the administration of psychotropic medication by an outside psychiatrist (subject to review and approval by the State); and (2) a stay of the present case for six months to determine whether the appropriate psychotropic medication enables Fernandez to regain his mental competency. In addition, Fernandez's counsel maintains that he is not seeking appointment of a guardian or conservator at this juncture.

4

Because neither party disputes that a stay is proper in the present matter, the Court turns to appointed counsel's argument that the Court has the authority to order the administration of psychotropic medication prescribed by an outside psychiatrist that may ultimately help Fernandez regain his mental competence to assist counsel in his habeas proceedings. *See, e.g., Rees v. Peyton,* 384 U.S. 312, 314, 86 S.Ct. 1505, 16 L.Ed.2d 583 (1966) (per curiam); *Holmes v. Levenhagen*, 600 F.3d 756, 757-58 (7th Cir. 2010); *Holmes v. Buss,* 506 F.3d 576, 579 (7th Cir. 2007). Fernandez's counsel specifically argues that the Court has authority under the "All Writs Act" which authorizes federal courts to issue "all writs necessary or appropriate in aid of [its] jurisdiction[ ] and agreeable to the usages and principles of law." *Thorogood v. Sears, Roebuck & Co.*, ___ F.3d ___, 2010 WL 4286367, at *1 (7th Cir. Nov. 2, 2010) (quoting 28 U.S.C. § 1651(a)). The Supreme Court has interpreted the All Writs Act as empowering federal courts "to issue such commands ... as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. New York Tel. Co.,* 434 U.S. 159, 172, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977); *see also In re Hijazi,* 589 F.3d 401, 406 (7th Cir. 2009) (All Writs Act available to federal courts only in extraordinary circumstances). Three conditions must be met to obtain equitable relief under the All Writs Act: (1) there must be no other adequate mean to attain the requested relief; (2) the right to the issuance of the writ is clear and indisputable; and (3) the federal court must be satisfied that the writ is appropriate under the circumstances. *See In re Hijazi,* 589 F.3d at 406-07 (citing *Cheney v. United States Dist. Court,* 542 U.S. 367, 380-81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004)).

Fernandez bases his All Writs Act argument on the Court's February 12, 2010, Minute

5

Order that allowed for a psychological examination to take place to determine whether Fernandez's competency would "be restored with appropriate treatment and medication within a reasonable period of time." On August 5, 2010, in support of Fernandez's emergency motion, counsel attached the experts' report documenting their findings. The retained experts concluded that Fernandez cannot adequately assist counsel in this case in his current condition and diagnosed Fernandez with bipolar disorder and paranoid personality disorder with psychotic features, among other diagnoses. (R. 88, Ex. A, Report, at 14.) On the other hand, according to the Psychology Services Administrator at Pontiac Correctional Center, Dr. John Garlick, Fernandez has a regular IDOC psychiatrist and his working diagnosis is Anitsocial Personality Disorder. (R. 90, Garlick Aff. ¶ 7.) Dr. Garlick also averred that Fernandez does not regularly receive psychotropic medication. (*Id*. ¶ 3.)

At issue, however, is more than Respondent's refusal to allow Fernandez outside psychiatric treatment, including a prescription for psychotropic medication. At issue is Fernandez's refusal to take any such psychotropic medication as his experts and appointed counsel admit. To clarify, the United States Supreme Court has held that independent of any state regulations, inmates have a "liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper,* 494 U.S. 210, 222, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990); *see also Sell v. United States,* 539 U.S. 166, 179-180, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003). Under these circumstances, Fernandez's counsel has failed to establish that the Court has the authority to order the administration of psychotropic drugs to an inmate who refuses to take them. Put differently, Fernandez's counsel has failed to establish that the right to the issuance of the writ is

6

clear and indisputable under the second *Cheney* factor.  *See Cheney,* 542 U.S. at 381; *In re Hijazi,* 589 F.3d at 406.

Moreover, there is an adequate alternative remedy, and thus Fernandez cannot fulfill the first *Cheney* factor.  *See Cheney,* 542 U.S. at 380; *In re Hijazi,* 589 F.3d at 406.  In particular, under the Illinois Mental Treatment for Incarcerated Persons Act, an inmate may be committed to the Illinois Department of Human Services for psychiatric treatment.  *See* 405 ILCS 15/1, *et seq*; *see also Pennsylvania Bureau of Corr. v. U.S. Marshals Serv.,* 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985) ("Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.").  As such, the Court is not satisfied that equitable relief under the All Writs Act is appropriate under the circumstances.  *See Cheney,* 542 U.S. at 381 ("the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances").

Finally, in the February 12, 2010 Minute Order, the Court requested that the parties file the relevant expert reports and recommend to the Court a proposed course of action in this habeas proceeding.  The parties have yet to do so outside of the attachment to Fernandez's emergency motion.  Accordingly, the Court directs the parties to file an agreed upon proposed course of action in this habeas proceeding by no later than December 20, 2010.

**CONCLUSION**

For these reasons, the Court denies Petitioner George Fernandez's for motion for reconsideration of the Court's denial of his Emergency Motion to Request Immediate Medical and Psychiatric Care.

**Dated:** November 29, 2010

                                      **ENTERED**

                                      _____
                                      **AMY J. ST. EVE**
                                      **United States District Judge**